IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRA D. BERNARD,<br><br>            Petitioner,<br><br>   v.<br><br>TINA HORNBEAK, Acting Warden,<br><br>            Respondent.<br>_____/ | No. C 07-01575 SBA (PR)<br><br>**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

      Petitioner Kendra D. Bernard, a prisoner of the State of California who is incarcerated at Valley State Prison for Women, filed a document with this Court on March 19, 2007, captioned "Motion to Toll Time for Writ of Habeas Corpus" dated March 12, 2007 in which she appeared to be requesting additional time to file a federal habeas corpus petition.

      In an Order dated May 22, 2007, the Court directed Petitioner to file a completed 28 U.S.C. § 2254 habeas petition form within thirty-days from the date of the Order.

      On June 7, 2007, Petitioner filed a motion for an extension of time to file a completed § 2254 habeas petition form (docket no. 16). On June 11, 2007, Petitioner filed another document entitled "Motion to Submit Order Denying Transcript from Superior Court" (docket no. 17). In that motion, Petitioner requests "an additional 30 days to try and resolve this matter due to the denial of transcripts." (June 11, 2007 Mot. at 2.) Therefore, the Court construes her motion as another motion for an extension of time to file a completed § 2254 habeas petition form.

      On June 28, 2007, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which she challenges the validity of her 2004 state conviction. Petitioner also seeks leave to proceed in forma pauperis.

      According to the allegations in the petition, a jury found Petitioner guilty of murder. In 2004, she was sentenced to twenty-five years to life in prison.

The California Court of Appeal affirmed the judgment of conviction in 2005, and the California Supreme Court denied review in 2006.

On June 28, 2007, Petitioner filed a document entitled "Motion to Toll Federal Time for Writ of Habeas Corpus" (docket no. 22) requesting that the Court stay these habeas proceedings so that Petitioner may exhaust her claims in state court. In that motion, Petitioner states that her state habeas petition is still pending in the state superior court.

The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. See id. In Sherwood a direct appeal was pending although the federal issues had been decided by the state courts via another procedural route. Although the Younger abstention might seem a better rationale for this requirement than exhaustion, see Phillips v. Vasquez, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the requirement is nevertheless well-established in this circuit.

The petition must be dismissed without prejudice to refiling it when no further proceedings are pending in state court. See Sherwood, 716 F.2d at 634 (if a state court action is pending, the petitioner's claims are not exhausted). However, as mentioned above, Petitioner requests a stay of these proceedings while she exhausts her state court remedies. This is Petitioner's first habeas petition and there is no evidence that she seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Therefore, instead of dismissing this action, the Court GRANTS Petitioner's request (docket no. 22).

**CONCLUSION**

1. Petitioner's application to proceed <u>in forma pauperis</u> (docket no. 21) is GRANTED.

2. Petitioner's motion to stay (docket no. 22) is GRANTED. These proceedings are hereby STAYED pending Petitioner's exhaustion of her state judicial remedies. Petitioner must act diligently in exhausting her state judicial remedies, or the stay may be lifted. Petitioner must file quarterly reports describing the progress of her state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until her state court proceedings are terminated. She must also attach to her status reports copies of the cover page of any document that she files with or receives from the state courts relating to her state habeas petitions.

3. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court available to review the claims in her state habeas petition and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

4. Petitioner's motions for an extension of time to file a completed § 2254 habeas petition form (docket nos. 16, 17) are GRANTED. The time in which Petitioner may file a completed § 2254 habeas petition form will be extended <u>nunc pro tunc</u> to June 28, 2007, the date that Petitioner's Petition for Writ of Habeas Corpus was filed.

5. This Order terminates Docket nos. 16, 17, 21 and 22.

P:\PRO-SE\SBA\HC.07\Bernard1575.grantSTAY3-pendMOTS.wpd

IT IS SO ORDERED.

DATED: 3/18/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Bernard1575.grantSTAY4pendMOTS.wpd

1

2  UNITED STATES DISTRICT COURT

3  FOR THE

4  NORTHERN DISTRICT OF CALIFORNIA

5

6

7  KENDRA D. BERNARD,                                Case Number: CV07-01575 SBA

8          Plaintiff,                                **CERTIFICATE OF SERVICE**

9     v.

10 WARDEN et al,

11         Defendant.
                                            /
12

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

14
That on March 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
15 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
16 located in the Clerk's office.

17

18
Kendra D. Bernard X06773
19 Valley State Prison for Women
P.O. Box 96  C-1-12-4-UP
20 Chowchilla, CA 93610-0096

21 Dated: March 19, 2008
                                            Richard W. Wieking, Clerk
22                                          By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28 P:\PRO-SE\SBA\HC.07\Bernard1575.grantSTAY5-pendMOTS.wpd

**United States District Court**
For the Northern District of California