IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRA D. BERNARD,<br><br>    Petitioner,<br><br>v.<br><br>TINA HORNBEAK, Warden,<br><br>    Respondent.              / | No. C 07-01575 SBA (PR)<br><br>**<u>ORDER DIRECTING PETITIONER TO FILE AN AMENDED PETITION AND ADDRESSING PENDING MOTIONS</u>** |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On March 18, 2008, the Court issued an Order granting Petitioner's request for a stay of proceedings while she returned to state court to exhaust her administrative remedies. The Court also stated:

> Nothing further will take place in this action until Petitioner receives a final decision from the highest state court available to review the claims in her state habeas petition and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

(Mar. 18, 2008 Order at 3.)

    On December 10, 2009, Petitioner informed the Court that her state proceedings had concluded; however, she did not amend the stayed petition to add the newly-exhausted claims. Therefore, Petitioner must file an amended petition in this Court which incorporates the newly-exhausted claims she intends to raise in federal court, as directed below.

    Also before the Court are Petitioner's requests for appointment of counsel and for an evidentiary hearing in this action.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. Moreover, no evidentiary hearing appears necessary. Accordingly, the interests of justice do not require appointment of counsel or an evidentiary hearing at this time, and Petitioner's requests are DENIED. This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

For these reasons, Petitioner's requests for the appointment of counsel and an evidentiary hearing are DENIED.

## CONCLUSION

1. No later than **thirty (30) days** of the date of this Order, Petitioner must file an amended petition in this Court which incorporates the newly-exhausted claims she intends to raise in federal court. The Court will lift the stay on the date that Petitioner files her amended petition.

1 Petitioner must submit the amended petition on the attached blank habeas petition form, clearly label
2 the petition as the "Amended Petition," and write in the case number for this action on the form. She
3 should also attach to her amended petition a copy of his petition to the California Supreme Court, if
4 the document is available to her. **If Petitioner fails to file an amended petition within the**
5 **prescribed period, the Court will dismiss this action without prejudice for failure to prosecute.**
6     2. Petitioner's requests for the appointment of counsel and an evidentiary hearing are
7 DENIED.
8     3. The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form.
9     4. This Order terminates Docket nos. 46 and 47.
10     IT IS SO ORDERED.
11 DATED: 2/8/10

*/s/ Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\HC.07\Bernard1575.fileAmPet.wpd

```
 1  UNITED STATES DISTRICT COURT
    FOR THE
 2  NORTHERN DISTRICT OF CALIFORNIA
```

KENDRA D. BERNARD,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.

Case Number: CV07-01575 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kendra D. Bernard X06773
Valley State Prison for Women
P.O. Box 96  C-3-12-4-UP
Chowchilla, CA 93610-0096

Dated: February 11, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Bernard1575.fileAmPet.wpd