IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENDRA D. BERNARD,

    Petitioner,

v.

TINA HORNBEAK, Acting Warden,

    Respondent.
_____/

No. C 07-01575 SBA (PR)

**ORDER REOPENING CASE; LIFTING STAY; AND GRANTING PETITIONER'S MOTIONS FOR CLARIFICATION AND FOR AN EXTENSION OF TIME TO FILE A MORE COMPLETE PETITION**

(Docket Nos. 58, 59)

    Petitioner, a state prisoner, filed this present pro se habeas corpus action.

    Before the Court is Petitioner's "Motion Amending Habeas Petition," which the Court construes as a motion for clarification, as well as her motion for an extension of time to file a more complete petition. (Dkt. 58, 59.)

    In her motion for clarification, Petitioner indicates that she is confused because she was granted a stay of these proceedings while she returned to state court to exhaust state remedies. She has since exhausted her state remedies, and now indicates that she does not know how to proceed. The Court GRANTS her motion for clarification and outlines the procedural posture of this action for Petitioner's benefit:

    1.    On June 28, 2007, Petitioner filed a document entitled "Motion to Toll Federal Time for Writ of Habeas Corpus" (Dkt. 22) requesting that the Court stay these habeas proceedings so that Petitioner may exhaust her claims in state court. In that motion, Petitioner stated that her state habeas petition was still pending in the state superior court.

    2.    In an Order dated March 18, 2008, the Court stayed the petition and administratively closed the case while Petitioner exhausted state remedies. (Dkt. 31.)

    3.    On December 10, 2009, Petitioner wrote a letter to the Court indicating she had exhausted state remedies. (Dkt. 45.) On the same date, she filed motions for appointment of counsel and an evidentiary hearing. (Dkt. 46, 47.)

1     4. On February 8, 2010, the Court issued an Order directing Petitioner to file an Amended Petition, which incorporated the newly-exhausted claims she intended to raise in federal court. The Court indicated that it would lift the stay when Petitioner filed an Amended Petition. The Court also denied her motions for appointment of counsel and an evidentiary hearing. This document was entered on the Court's electronic database as an "Order Denying Motion to Appoint Counsel and Denying Motion for Hearing." This docket entry inadvertently omitted that the Court had ordered Petitioner to file an Amended Petition. (Dkt. 48.)

    5. On February 26, 2010, Petitioner filed a request for an extension of time to file an Amended Petition. (Dkt. 49.)

    6. On March 10, 2010, Petitioner filed an Amended Petition. (Dkt. 51.) On the same date, she filed a letter indicating that she had not retrieved the necessary documents to file a complete Amended Petition, but because the deadline was approaching, she had filed an abbreviated Amended Petition. (Dkt. 52.)

    7. On March 10, 2010, the Court, not realizing that Petitioner had filed an Amended Petition on the same date because it had not yet been entered into the Court's electronic database, granted her motion for an extension of time to file it. (Dkt. 53.)

    8. On May 24, 2010, the Court erroneously entered an Order in this case, (Dkt. 54), that directed the petitioner in another case to file an amended petition.

    9. On June 7, 2010, Petitioner filed another motion for an extension of time to file an Amended Petition. (Dkt. 55.) In this motion, Petitioner requested clarification because she indicated that she was confused by the Court's May 24, 2010 Order directing an unknown person to file an amended petition.

    10. On June 17, 2010, the Court issued an Order vacating its erroneous May 24, 2010 Order. (Dkt. 56.)

    11. On January 29, 2013, the Court issued an Order granting Petitioner's June 7, 2010 motion for an extension of time to file an Amended Petition. (Dkt. 57.)

Based on the aforementioned procedural posture, the Court finds that it is understandable that Petitioner is now confused. Specifically, the Court: (1) did not acknowledge that Petitioner had

1 in fact filed an Amended Petition on March 10, 2010; (2) inadvertently failed to lift the stay and
2 reopen the case; and (3) granted Petitioner's June 7, 2010 motion for an extension of time to file an
3 Amended Petition, but overlooked her request for clarification.

4     The Court now orders that this case be REOPENED and the stay lifted.

5     The Court turns to Petitioner's pending motion for an extension of time. Petitioner indicates
6 that she filed her Amended Petition on March 10, 2010; however, she does not indicate whether she
7 wishes for the Court to consider her March 10, 2010 Amended Petition to be her operative petition.
8 Instead, Petitioner indicates in her pending motion for an extension of time that she requests a thirty-
9 day extension because she does not have the necessary paperwork to file a more complete petition.

10     The Court first clarifies that Petitioner's March 10, 2010 Amended Petition fulfills the
11 provision in its February 8, 2010 Order directing her to file an Amended Petition. However, because
12 Petitioner indicates that her March 10, 2010 Amended Petition is incomplete, the Court GRANTS
13 Petitioner's request for an extension of time to file a Second Amended Petition. No later than
14 **twenty-eight (28) days** from the date this Order is filed, Petitioner may file a Second Amended
15 Petition, as directed below.

16 **CONCLUSION**

17     In light of the foregoing, the Court orders as follows:

18     1. The stay on this case is lifted, and the Clerk of the Court shall REOPEN this case.

19     2. Petitioner's motion for clarification and for an extension of time to file a more
20 complete petition are GRANTED. (Dkts. 58, 59.) No later than **twenty-eight (28) days** from the
21 date this Order is filed, Petitioner may file a Second Amended Petition. If Petitioner fails to file a
22 Second Amended Petition by the deadline, then her March 10, 2010 Amended Petition will be the
23 operative petition in this action. The Court will review either her timely-filed Second Amended
24 Petition or her March 10, 2010 Amended Petition in a separate written Order.

25     3. Petitioner must submit her Second Amended Petition on the attached blank habeas
26 petition form and must completely incorporate the newly-exhausted claims she intends to raise in
27 federal court. She must clearly label the petition as the "Second Amended Petition," and write in the
28 case number for this action -- C 07-01575 SBA (PR) -- on the form. She should also attach to her

1  Second Amended Petition a copy of her petition to the California Supreme Court, if the document is
2  available to her.
3     4.   The Clerk is directed to amend the docket entry in the Court's electronic database to
4  indicate that its February 8, 2010 Order (Dkt. 48) was entitled, "Order Directing Petitioner to File an
5  Amended Petition and Addressing Pending Motions."
6     5.   The Clerk shall send Petitioner a blank § 2254 habeas petition form.
7     6.   This Order terminates Docket nos. 58 and 59.
8  IT IS SO ORDERED.
9  DATED: 6/10/13

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\SBA\HC.07\Bernard07-1575.REVClarification.wpd    4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KENDRA D. BERNARD,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.

Case Number: CV07-01575 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kendra D. Bernard X06773
Central California Women's Facility State Prison
P.O. Box 1508
Chowchilla, CA 93610-1508

Dated: June 10, 2013

                Richard W. Wieking, Clerk
                By: Lisa Clark, Deputy Clerk